IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PM 1 2 3 4 5 6 7 8 9 10 11 12 AM 1 2 3 4 5 6 7 8 9 10 11 12
FILED IN THIS OFFICE
OCT 30 2025
Clerk U.S. District Court
Greensboro, NC
BY

UNITED STATES OF AMERICA )
)
)
v. ) 1:25CR292-1
)
)
JONATHAN MASTACHE JUAREZ )

## ORDER GRANTING MOTION TO CONTINUE

On October 30, 2025, an arraignment was held and Defendant entered a plea of not guilty to the offense(s) contained in the Indictment. Thereafter, on its own motion, the Court considered whether to continue this trial to the January 2026 Criminal Term, to allow sufficient time for pre-trial motions and pre-trial planning. Counsel for Defendant joined in that motion and requested a further continuance to the February 2026 Criminal Term. The Government agreed. After consideration of the proffers of counsel and the facts presented, the Court finds good cause for continuing the trial, and enters this order to memorialize the Court's ruling.

The Court makes the following findings of fact:

1. A continuance is necessary in this case for the reasons stated in open court, including to allow sufficient time for review of discovery, preparation of pretrial motions, and trial preparation in light of the applicable pretrial deadlines. See Bloate v. United States, 559 U.S. 196, 210, 213 (2010) ("In setting forth the statutory factors that justify a continuance under subsection (h)(7), Congress twice recognized the importance of adequate pretrial preparation time. . . . [and] subsection (h)(7) expressly accounts for

the possibility that a district court would need to delay a trial to give the parties adequate preparation time."); United States v. Jarrell, 147 F.3d 315 (4th Cir. 1998) ("We conclude that time allowed for the preparation and filing of pretrial motions is excludable from the speedy trial calculation if granted in accordance with § 3161(h)[7]. Excluding time granted pursuant to § 3161(h)[7] for the preparation and filing of pretrial motions is consistent with the language of the Speedy Trial Act. . . . The granting of additional time for the preparation and filing of pretrial motions fits comfortably within the category of delays that may be 'necessary for effective preparation.'").

2. In the circumstances, a continuance is appropriate under 18 U.S.C. § 3161 for the following reason(s):

   [ X ] A continuance is necessary to permit counsel for [ X ] Defendant [ ] The Government [ ] both parties the reasonable time necessary for effective preparation, taking into consideration the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

   [X] The failure to grant a continuance would unreasonably deny the Defendant continuity of counsel, taking into account the exercise of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

3. This continuance is not requested or granted due to general congestion of the Court's calendar, the lack of diligent preparation, or failure to obtain available witnesses on the part of the attorney for the Government. See 18 U.S.C. § 3161(h)(7)(C).

4. The Parties were advised of the deadlines for the applicable criminal term and understand they are expected to comply with those deadlines, including the deadline

for filing any pre-trial motions, the deadline for filing any plea agreement or notice of intent to plead guilty without a plea agreement, and the date for pre-trial conference with the District Judge.

5. The Court finds that a continuance is necessary for the reasons stated above. The Court further finds that the ends of justice served by this continuance outweigh the interests of the public and Defendant in a speedy trial.

**IT IS THEREFORE ORDERED** that the motion to continue is GRANTED and that the trial of this matter is set for the February 2026 Criminal Term.

**IT IS FURTHER ORDERED** that the Court finds that the ends of justice served by taking such action outweigh the best interest of the public and Defendant in a speedy trial as set forth in 18 U.S.C. § 3161 et seq. and that the period of time up to and including February 9, 2026, be and is hereby excluded from the provisions of Title 18, United States Code, Section 3161, et seq.

This the 30th day of October, 2025.

Joi Elizabeth Peake
United States Magistrate Judge