FILED
in the Middle District of
North Carolina
11/3/2025
8:00 a.m.
Clerk, US District Court
By: KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

## SCHEDULING ORDER
## (Arraignments held November 15 through December 14, 2025)
## Governing the February 2026 Criminal Term

To facilitate scheduling, readiness, and court operations, all counsel and parties are **ORDERED** to comply with the following procedures and deadlines for this Criminal Term, including the provisions of Standing Order # 20, available on the court website, which are incorporated by reference.

## SCHEDULING

**The first week of the Criminal Term, beginning February 2, 2026, is reserved for non-jury matters**. If necessary, non-jury matters may be heard later in the term as required to complete court business. Defense counsel shall timely notify the U.S. Attorney's Office of any scheduling conflicts. Other judges may handle non-jury matters or trials. **Trials will begin on or after Monday, February 9, 2026, on a date certain as set during the pre-trial conference.**

## PRE-TRIAL DEADLINES

| | |
|---|---|
| Motions[1] | Tuesday, January 6, 2026 |
| Responses to Motions | Tuesday, January 13, 2026 |
| Written Plea Agreements* | Thursday, January 15, 2026 |
| Written Notice of Intent to Plead Guilty w/out plea agreement* | Thursday, January 15, 2026 |
| Conference to Set Trial Date (counsel only) | Thursday, January 22, 2026 at 9:30am |

In all cases with no pending motion and no written plea agreement or written notice of intent to plead guilty filed by the deadline, the case will be set for a scheduling conference to set the trial date; for cases with a pending motion, the undersigned judge retains discretion to set cases for this conference. The only matter for resolution at this conference will be the setting of a date certain for trial. Only counsel shall attend, except that defendants who represent themselves must attend.

If the defendant is represented, counsel shall discuss scheduling with each other before the PTC. When all parties in all cases for trial are in agreement about trial dates, the U.S. Attorney may present a proposed trial schedule for the term to the case manager, and the PTCs may be cancelled. Otherwise, counsel shall appear for the PTC with all necessary information about availability of witnesses, etc.

---

[1]This includes motions to continue. If exigent circumstances arise after the deadline, the motion shall be filed as soon as it becomes apparent a continuance is needed.

*This deadline applies if there is no pending motion

## DEADLINES FOR CASES GOING TO TRIAL

| | |
|---|---|
| Motions in Limine (MIL) & Expert Witness Notices, if any | 14 calendar days before trial date |
| Trial Briefs & Special Jury Instructions, if any | 7 calendar days before trial date |
| Responses to MILs, Rebuttal Expert Witness Notices | 7 calendar days after MIL/Exp.Witn. Notice |
| Substantive Pre-Trial Conference | Set by presiding judge as needed |

## MOTIONS

All motions except motions to continue, motions to withdraw, and other housekeeping motions shall be accompanied by a brief. If a motion becomes moot, counsel for the moving party must timely withdraw the motion.

Motions to continue are disfavored. If filed, the motion shall include discussion of the Speedy Trial Act and shall explicitly advise the court if a previous motion to continue has been granted. The motion shall include the position of opposing counsel and propose a realistic date when the case will be ready for trial or other disposition. Ordinarily, but in the discretion of the presiding judge, a hearing will be required on any motion to continue.

## SUPERSEDING INDICTMENTS

The filing of a superseding indictment does not automatically continue a case to the next term of court. Rather, the case will remain on the previously scheduled trial calendar. Any party desiring a continuance must file a motion for the district judge's consideration. Any arraignment on a superseding indictment will be held before the district judge in the current term of court.

## DUE PROCESS PROTECTION ACT

Pursuant to the Due Process Protection Act of 2020, the Court confirms the disclosure obligations of the Government under Brady v. Maryland, 373 U.S. 83, 87 (1963), and its progeny, specifically that the Government has a constitutional duty to disclose material evidence that is favorable to the Defendant, including evidence that would tend to impeach the credibility of prosecution witnesses. See Kyles v. Whitley, 514 U.S. 419, 432–433 (1995); Giglio v. United States, 405 U.S. 150, 153–155 (1972); Brady, 373 U.S. at 87. The Government is ordered to comply with these obligations. Failing to do so in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

For the Court, this the 3rd day of November, 2025.

/s/ Catherine C. Eagles
Chief /Senior United States District Judge